UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 12-CV-80681-RYSKAMP/HOPKINS

JOSEPH GALLAGHER et al.,

    Plaintiffs,

v.

BANK OF AMERICA, N.A. et al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION AND DISMISSING PLAINTIFFS WITHOUT PREJUDICE

**THIS CAUSE** comes before the Court on Plaintiffs' motion for reconsideration **[DE 48]** filed on October 25, 2012. Defendants filed a response in opposition **[DE 48]** on October 29, 2012. Plaintiffs replied **[DE 50]** on October 30, 2012. This matter is ripe for adjudication.

On October 19, 2012 Plaintiffs filed a notice of voluntary dismissal without prejudice **[DE 46]** pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). On October 22, 2012, the Court entered an endorsed order **[DE 47]** requiring Plaintiffs to submit a stipulation of dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Plaintiffs filed this motion for reconsideration shortly thereafter, contending they have an absolute right to dismiss their complaint because Defendants had not served an answer or a motion for summary judgment.

"The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). The three major grounds which justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* The party seeking

1

reconsideration has the burden to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

Here, the Court finds Plaintiff has set forth law sufficient to justify reversing its prior decision. "Rule 41(a)(1)(i) grants a plaintiff an *unconditional right* to dismiss his complaint by notice and without court order at any time prior to the defendant's service of an answer or a motion for summary judgment." *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (internal citation omitted). By the plain language of the rule, Plaintiffs have an absolute right to voluntarily dismiss this action because Defendants served neither an answer or a motion for summary judgment. *See* FED. R. CIV. P. 41(a)(1)(A)(i). The Court has no right to deny Plaintiffs this right or to impose conditions in connection to it. *See Williams v. Ezell*, 531 F.2d 1261, 1263–64 (5th Cir. 1976).[1] Defendant presents no authority to contrary.

The Court has carefully considered the motion, response, reply, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' motion for reconsideration **[DE 48]** is **GRANTED**. The Court's endorsed order **[DE 47]** requiring Plaintiffs to file a stipulation of dismissal signed by all parties is **VACATED**. Pursuant to Rule 41(a)(1)(A)(i) and Plaintiffs' notice of dismissal without prejudice, this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 31 day of October, 2012.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

---

[1] All decisions of the former Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).